IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | CASE NO. 2:20-cr-00094-002 |
| v. | : | JUDGE MORRISON |
| KWAME O. YEBOAH, | : | |
| Defendant. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**I.     Introduction:**

Mr. Yeboah pleaded guilty to Conspiracy to Commit Money Laundering. This memorandum deals with issues relevant to the factors outlined in 18 U.S.C. § 3553(a).

**II.     Relevant 18 U.S.C. § 3553(a) Factors**

For the reasons set forth below, the 120 month mandatory minimum sentence for count 1 is more than sufficient to achieve the purposes of sentencing.

### § 3553(a)(1)   The nature and circumstances of the offense and the history and characteristics of the defendant.

Admittedly, Mr. Yeboah involved himself in money laundering which is very serious offenses.  He has accepted responsibility for his actions.

Kwame is 38 years old and has a 20 month-old daughter named Madison with his girlfriend, Mary Osiei. He was raised by his mother and paternal grandmother. He reports a stable and loving upbringing. He is in good health. He is a high school graduate. He is a trained auto mechanic. For many years he has run his own businesses and presently is a freight broker.

While operating the Twist Lounge & Grill in Columbus, Ohio, Mr. Yeboah was

introduced to Robert Asante and Eric Ahiekpor. Asante and Ahiekpor were intended to be investors in his businesses. Kwame thought he could increase his creditworthiness if he increased the amount of money flowing through the businesses. Kwame wanted to obtain bank loans to diversify his businesses. Asante and Ahiekpor began funneling proceeds from their romance scams into his business accounts, and in return, he began conducting financial transactions that furthered their money laundering. Once Kwame discovered the funds were derived from romance scams, he confronted Asante and Ahiekpor. Nonetheless, Kwame continued to conduct business with Asante and Ahiekpor, out of fear of being prosecuted because his accounts and businesses were now associated with criminal activity. Due to Assante and Ahiekpor's actions, the Twist Lounge and Grill actually lost money and was closed. Accounts in Kwame's control received $1,724, 246.00.

**§ 3553(a)(2)(B) The need to afford adequate deterrence.**

As a general matter, it is submitted that a lower sentence will offer adequate deterrence. See, *United States v. Hughes*, 825 F. Supp. 866 (D. Minn. 1993) (court noting that "the non-rehabilitation purposes of incarceration -- retribution, deterrence and incapacitation -- would all be more than adequately served by a far shorter sentence. Both society and the defendant will pay a dear cost for this sentence and receive very little in return."). Thus, the cost of incarceration is a relevant factor in assessing deterrence. Balancing the ineffectiveness of and ethical problems with general deterrence against the financial costs to society of imprisoning an individual ($42,256.00 per year), may lead the judge to conclude that general deterrence is not a good reason for a lengthy prison term. See *United States v. Cole*, 622 F.Supp.2d 632, slip op., 2008 WL 5204441 *6-7 (NDOH 2008).

As a specific matter, Mr. Yeboah is a first offender. Prison has greater significance for those imprisoned for the first time. *United States v. Qualls*, 373 F.Supp.2d 873, 877 (E.D.Wis. 2005). Therefore, it is suggested that shorter rather than longer sentence is sufficient to impress on Mr. Yeboah the seriousness of his crimes and deter him from re-offending. According to "the best available evidence, . . . prisons do not reduce recidivism more than noncustodial sanctions." Francis T. Cullen et al., Prisons Do Not Reduce Recidivism: The High Cost of Ignoring Science, 91 Prison J. 48S, 50S-51S (2011). Available at:

http://www.rethinking.org.nz/assets/Newsletter_PDF/Issue_93/Denying_Science_US_2011.pdf "

These factors counsel in favor of imposing a shorter sentence.

**§ 3553(a)(2)(C)        The need to protect the public from further crimes of the defendant.**

Kwame is a first offender. Persons with zero criminal history points have a rate of recidivism half that of offenders with one criminal history point. *See* Sent'g Comm'n, *Recidivism and the "First Offender,"* at 13-14 (May 2004). This Court should consider the statistically low risk of recidivism presented by Kwame's history and characteristics. *See, e.g.*, *United States v. Darway,* 255 Fed. Appx. 68, 73 (6th Cir. 2007) (upholding downward variance on basis of defendant's first-offender status).

**III.    Conclusion**:

All of these factors listed above suggest that the history and characteristics of Mr. Yeboah are unique and militiate in favor of a minmum sentence.  There is no doubt that Mr. Yeboah's involvement in the instant case was voluntary and he should be punished.  Mr. Yeboah regrets his  involvement in illegal activity. Under these circumstances, it is recommended that imposition of the guideline sentence of 70-87 months is greater than necessary to achieve the

3

purposes of sentencing.

                                                          Respectfully submitted,

                                                          s/ *Keith A. Yeazel*

                                                         _____
                                                         Keith A. Yeazel (0041274)
                                                         905 South High Street
                                                         Columbus, Ohio 43206
                                                         (614) 885-2900
                                                         keithyeazel@gmail.com
                                                         Attorney for Defendant

## CERTIFICATE OF SERVICE

A copy of the foregoing was served upon:

Peter Glenn-Applegate
Assistant United States Attorney

using the Court's CM/ECF system this 11th day of February 2023.

                                                          s/ *Keith A. Yeazel*

                                                         _____
                                                         Keith A. Yeazel (0041274)